930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charley GARDNER, Defendant-Appellant.
 No. 90-2182.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Charley Gardner appeals the jury verdict finding him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Gardner contends that there was insufficient evidence for a reasonable jury to reach such a conclusion. We disagree and, for the reasons that follow, affirm the judgment convicting him of violating Sec. 922(g)(1).
 
 
 2
 Agents of the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco and Firearms, as well as members of the Detroit Police Department, executed a search warrant for an apartment rented by Gardner. Upon entering the apartment, the agents found Gardner in the bedroom doorway; Garder's brother, Herman, was found lying on the couch. The facts then become disputed. The government contends that the agents gave Gardner Miranda warnings, which Gardner proceeded to waive. The government asserts the agents asked Gardner whether there were any firearms, drugs or money in the apartment, and he directed them to two firearms in the bedroom closet. Most importantly, the government asserts Gardner told the agents he lived in the apartment and had owned the firearms for six months. Gardner asserts that such a confession never occurred. Indeed, Gardner contends he did not even live in the apartment but merely controlled the rent payments for his drug-addicted brother and visited the apartment sometimes to be with "a lady friend."
 
 
 3
 Gardner bears a "very heavy burden" in attempting to prove insufficiency of the evidence. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). "The government must be given the benefit of all inferences which can reasonably be drawn from the evidence ... even if the evidence is circumstantial." United States v. Adamo, 742 F.2d 927, 932 (6th Cir.), cert. denied, 467 U.S. 1193 (1984).
 
 
 4
 Possession of a firearm may be either actual or constructive. See, e.g., United States v. Craven, 478 F.2d 1239, 1333 (6th Cir.1973). In order to prove constructive possession, the government must present evidence that the defendant had "the power and the intention at any given time to exercise dominion and control over an object, either directly or through others." Id. Gardner signed the rental agreement for the apartment in which the guns were found. Government agents testified at trial that Gardner admitted he lived in the apartment and owned the guns. Because "attacks on witness credibility are simply challenges to the quality of the government's evidence and not the sufficiency of the evidence," we must view the agents' testimony in the light most favorable to the government, i.e. we must assume that they are telling the truth. Adamo, 742 F.2d at 935.
 
 
 5
 Given the circumstantial evidence showing that Gardner rented the apartment and the testimony of the agents concerning Gardner's admission to ownership of the firearms, we conclude there was sufficient evidence to convict Gardner of being a felon in possession of a firearm.
 
 
 6
 We affirm the judgment of the district court.